United States District Court
Southern District of Texas
**ENTERED**
March 22, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIAN McKAY UTTER, § | |
| TDCJ #2117616, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-23-1853 |
| BOBBY LUMPKIN, Director, § | |
| Texas Department of Criminal § | |
| Justice - Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Brian McKay Utter (TDCJ #2117616) has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), challenging the calculation of his prison sentence. Utter has also filed a Memorandum of Points and Authorities in Support of the Claims for Relief in a Petition for a Writ of Habeas Corpus ("Petitioner's Memorandum") (Docket Entry No. 2). Director Bobby Lumpkin of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") has filed Respondent Lumpkin's Answer with Brief in Support ("Respondent's Answer") (Docket Entry No. 13), which argues that the Petition is untimely and without merit. Utter has filed Petitioner Utter's Response to Respondent Lumpkin's Answer

with Brief ("Petitioner's Response"). After considering all of the pleadings, the state court records, and the applicable law, the Petition will be denied and this action will be dismissed for the reasons explained below.

## I. Background

Utter is presently incarcerated in TDCJ as the result of three convictions.[1] Utter explains that on January 12, 2017, he was sentenced pursuant to his guilty plea in the 435th District Court of Montgomery County, Texas, to the following charges: (1) possession of child pornography in Cause Number 15-05-4873; (2) possession or promotion of child pornography in Cause Number 16-03-02813; and (3) injury to a child in Cause Number 16-03-02814.[2] He did not pursue an appeal.[3]

In a federal habeas Petition that is dated May 10, 2023, Utter now seeks relief from the calculation of his prison sentence.[4] Utter contends that he was sentenced to concurrent terms of 10 years' imprisonment in each case, but that his sentence was unlawfully increased to 20 years after TDCJ did an "audit" of his

---

[1]Petition, Docket Entry No. 1, p. 1. For purposes of identification all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

[2]Id.

[3]Id. at 2.

[4]Id. at 15.

file on May 29, 2020.[5]  He argues that the auditor improperly "stacked" one of his 10-year sentences pursuant to a judgment on file, which increased his punishment to 20 years in violation of the Double Jeopardy Clause.[6]  He argues further that his sentence was increased without adequate notice in violation of his right to due process and that application of the stacking order was improper because the trial court had "lost its plenary power" by the time TDCJ increased his sentence.[7]

State court records provided by the respondent show that Utter raised these claims previously by filing three nearly identical applications in state court that are dated February 28, 2022, seeking post-conviction habeas review under Article 11.07 of the Texas Code of Criminal Procedure.[8]  In response, the state provided a transcript for the plea proceeding showing that Utter knew that he would receive a 10-year sentence in Cause Number 15-05-04873 that would run consecutively to the 10-year sentence imposed in

---

[5] Id. at 5.

[6] Id.

[7] Id. at 7-8.

[8] See Application for a Writ of Habeas Corpus Seeking Relief From [a] Final Felony Conviction Under [Texas] Code of Criminal Procedure Article 11.07 ("State Habeas Application") in Cause No. 16-03-02813, Docket Entry No. 14-1, pp. 21-30, 33.  Because the state court records for all three applications are nearly identical, the court will refer only to the state habeas proceedings filed in Cause No. 16-03-02813, which are found in Docket Entry Nos. 14-1 and 14-2, to avoid redundant citations to the record.

Cause Number 16-03-02813.[9] The state also provided a transcript of Utter's formal sentencing, reflecting that Utter acknowledged that the 10-year sentence imposed in Cause Number 15-05-04873 would run consecutively to the 10-year sentence imposed in Cause Number 16-03-02813.[10] Consistent with Utter's plea agreement in the three cases, which contemplated a 20-year sentence, the trial court clarified the record at the close of the proceeding by expressly ordering the 10-year sentence in Cause Number 15-05-04873 to be served consecutive to the 10-year sentence in Cause Number 16-03-02813.[11] The judgment in Cause Number 16-03-02813 repeats the trial court's directive, stating that the 10-year sentence imposed in that case was "consecutive" to the sentence in Cause Number 15-05-04873.[12]

The state habeas corpus court, which also presided over Utter's trial court proceedings, rejected all of Utter's claims concerning the calculation of his sentence and concluded that he did not meet his burden of proof by showing that he was entitled to

---

[9] See Reporter's Record in Cause Numbers 15-05-04873, 16-03-02813, 16-03-02814, Plea Agreements, Docket Entry No. 14-1, p. 97.

[10] Reporter's Record in Cause Numbers 15-05-04873, 16-03-02813, 16-03-02814, Formal Pronouncement of Sentence, Docket Entry No. 14-1, pp. 107-09 (advising Utter that the 10-year sentence in Cause Number 15-05-04873 would run consecutively to the sentences in his other cases).

[11] Id. at 110.

[12] Judgment of Conviction by Court - Waiver of Jury Trial in Cause Number 16-03-02813, Docket Entry No. 14-1, p. 13.

habeas relief.[13]  The Texas Court of Criminal Appeals agreed and denied relief without a written order on the trial court's findings and its own independent review of the record.[14]

The respondent argues that Utter's federal Petition must be dismissed because it is untimely and barred by the governing one-year statute of limitations on federal habeas corpus review.[15]  The respondent argues further that Utter fails to state a claim and that he is not entitled to relief.[16]  These arguments are addressed below under the governing legal standards.

## II.  Discussion

A.  The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), the Petition is subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which runs from the latest of —

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[13]See Findings of Fact, Conclusions of Law, Recommendation, and Order ("Findings and Conclusions"), Docket Entry No. 14-1, pp. 114, 115; see also In the Court of Criminal Appeals of Texas, Clerk's Summary Sheet for Post Conviction Applications for Writ of Habeas Corpus Under Code of Criminal Procedure, Articles 11.07 and 11.071 ("Clerk's Summary Sheet"), Docket Entry No. 14-1, p. 2 (reflecting that the trial judge and the state habeas corpus judge were the same).

[14]Action Taken on Application No. 93,725-01 (Tex. Crim. App. May 18, 2022), Docket Entry No. 14-2.

[15]Respondent's Answer, Docket Entry No. 13, pp. 5-10.

[16]Id. at 10-18.

>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Utter challenges the calculation of prison sentences that were imposed in state court judgments entered on January 12, 2017, pursuant to his guilty plea.[17] Under § 2244(d)(1)(A), the limitations period began to run after the expiration of thirty days on February 13, 2017, when Utter's time to appeal the judgment expired. See Tex. R. App. P. 26.2(a)(1); Gonzalez v. Thaler, 132 S. Ct. 641, 656 (2012) (holding that, "with respect to a state prisoner who does not seek [direct] review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires"). As a result, the statute of limitations expired one year later on February 13, 2018.[18] The federal Petition that Utter executed on May 10, 2023, is late by

---

[17]Judgment of Conviction by Court - Waiver of Jury Trial in Cause Number 16-03-02813, Docket Entry No. 14-1, p. 13 (imposing a 10-year sentence consecutive to the sentence in Cause Number 15-05-03873).

[18]Respondent's Answer, Docket Entry No. 13, p. 7 (calculating the expiration of the statute of limitations).

over five years and is therefore barred by the statute of limitations unless a statutory or equitable exception applies.

**B.   Statutory Tolling Will Not Save Utter's Untimely Petition**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. The record reflects that Utter sought state post-conviction review on February 28, 2022,[19] and the Texas Court of Criminal Appeals denied relief on May 18, 2022.[20] Because his state habeas proceedings were filed well after the limitations period had already expired, they have no tolling effect for purposes of § 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Utter has not proposed any other basis for statutory tolling of the limitations period, and the record does not disclose any.[21]

---

[19]See State Habeas Application, Docket Entry No. 14-1, p. 33.

[20]Action Taken on Application No. 93,725-01 (Tex. Crim. App. May 18, 2022), Docket Entry No. 14-2.

[21]The result would be the same if the limitations period was tolled until the date that TDCJ corrected Utter's sentence following an internal audit on May 29, 2020. See Petition, Docket Entry No. 1, p. 5. Because Utter knew or should have known of the facts underlying his claims on that date, he had one year or until May 29, 2021, to file a federal writ of habeas corpus. See 28 U.S.C. § 2244(d)(1)(D). Utter waited well past that deadline to pursue state and federal habeas review. See State Habeas Application, Docket Entry No. 14-1, p. 33 (dated February 28, 2022); Petition, Docket Entry No. 1, p. 15 (dated May 10, 2023).

Accordingly, statutory tolling will not save his untimely federal Petition, which must be dismissed unless an equitable basis exists to extend the statute of limitations on federal habeas review.

### C. Equitable Tolling is Not Warranted

Equitable tolling is available at the court's discretion "only in rare and exceptional circumstances." Jackson v. Davis, 933 F.3d 408, 410 (5th Cir. 2019) (internal quotation marks and citation omitted). "The petitioner bears the burden of establishing that equitable tolling is warranted." Hardy v. Quarterman, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). To meet this burden, a petitioner must demonstrate (1) that he pursued federal review with due diligence and "'(2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)).

It appears that Utter mistakenly believed that his limitations period would not expire until one year from the date that the Texas Court of Criminal Appeals denied relief in his state habeas proceeding.[22] Although Utter represents himself, it is settled that a prisoner's pro se status, incarceration, and ignorance of the law do not excuse his failure to file a timely petition and are not grounds for equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000) (citations omitted); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (noting that a

---

[22] Petitioner's Response, Docket Entry No. 15, p. 2.

petitioner's ignorance or mistake is insufficient to warrant equitable tolling). Because Utter does not establish that equitable tolling is warranted, or that any other exception to the AEDPA statute of limitations applies, the Petition is untimely under 28 U.S.C. § 2244(d)(1). The Petition will be denied and this case will be dismissed for additional reasons discussed further below.

**D.   The Petition Is Without Merit**

As noted previously, Utter contends that his sentence was improperly stacked or extended from 10 years to a total of 20 years in violation of the Double Jeopardy Clause and the right to due process.[23] The Texas Court of Criminal Appeals rejected his claims based on findings made by the trial court and its own review of the record.[24] The respondent argues that Utter's attack on his sentence implicates state procedure, which is not cognizable on federal habeas review.[25] The respondent argues further that Utter does not overcome the presumption of correctness that applies to the state court's findings under the deferential AEDPA standard of review.[26]

Under the AEDPA a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

---

[23]Petition, Docket Entry No. 1, pp. 5, 7-8.

[24]Action Taken on Application No. 93,725-01 (Tex. Crim. App. May 18, 2022), Docket Entry No. 14-2.

[25]Respondent's Answer, Docket Entry No. 13, pp. 15-16.

[26]Id. at 17-18.

the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Likewise, if a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The AEDPA imposes a "'highly deferential standard,' which 'demands that state-court decisions be given the benefit of the doubt.'" Guidry v. Lumpkin, 2 F.4th 472, 482 (5th Cir. 2021) (quoting Renico v. Lett, 130 S. Ct. 1855, 1862 (2010) (citations omitted)).

A state court's factual determinations are also entitled to deference on federal habeas corpus review. Findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness extends not only to express factual findings, but also to the state court's implicit findings. See Garcia v. Quarterman, 454 F.3d 441, 444-45 (5th Cir. 2006) (citing Summers v. Dretke, 431 F.3d 861, 876 (5th Cir. 2005); Young v. Dretke, 356 F.3d 616, 629 (5th Cir. 2004)). The presumption of correctness found in § 2254(e)(1) is "especially strong" where, as here, "the state habeas court and the trial court are one in the same."[27] Mays v. Stephens, 757 F.3d 211, 214 (5th Cir. 2014) (citing Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000)).

---

[27]See Clerk's Summary Sheet, Docket Entry No. 14-1, p. 2 (reflecting that the trial judge and the state habeas corpus judge were the same).

The state habeas corpus court entered the following findings of fact regarding Utter's contention that his sentences were improperly extended to reflect a sentence of 20 years, rather than concurrent terms of no more than 10 years:

> 3. This Court's oral pronouncement of sentence at the time of the applicant's guilty pleas reflected that the sentences in cause numbers 15-05-04873 and 16-03-02813 were to run consecutively.
>
> 4. At the plea hearing, the applicant affirmed that his plea agreement included consecutive sentences in cause numbers 15-05-04873 and 16-03-02813.
>
> 5. This Court's judgments in the applicant's three cause numbers reflect that the sentences in cause numbers 15-05-04873 and 16-03-02813 are to run consecutively, in accordance with the applicant's plea agreement and this Court's oral pronouncement of sentence.[28]

The state court also clarified that it had not altered the sentence and "ha[d] not entered any judgments nunc pro tunc in cause numbers 15-05-04873, 16-03-02813, or 16-03-02814."[29] Because Utter has not provided any evidence to the contrary, the state habeas corpus court's findings of fact are presumed correct for purposes of federal review. See 28 U.S.C. § 2254(e)(1). He further fails to show that his claims merit relief.

1. <u>State Law Claims Are Not Cognizable</u>

The respondent notes that whether a state court sentence is properly concurrent or stacked so as to run consecutive to another sentence is strictly a matter of state procedure. See Ables v.

---

[28]Findings and Conclusions, Docket Entry No. 14-1, p. 114.

[29]<u>Id.</u>

Scott, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (a state inmate's "claim that the trial judge did not have the authority to cumulate his sentences fails because it concerns state criminal procedure and 'does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus'") (quoting Johnson v. Beto, 383 F.2d 197, 198 (5th Cir. 1967) (per curiam)). The trial court who presided over the sentencing considered Utter's claims and concluded that he was not entitled to relief, implicitly finding that his sentences were properly calculated in compliance with state law to include consecutive 10-year prison terms in Cause Numbers 15-05-04873 and 16-03-02813 for a total of 20 years.[30]

A federal habeas corpus court is required to defer and cannot review the correctness of a state court's interpretation of state law. See Amador v. Quarterman, 458 F.3d 397, 412 (5th Cir. 2006) (observing that a federal court "cannot review the correctness" of a state court's interpretation of state law) (quoting Young v. Dretke, 356 F.3d 616, 628 (5th Cir. 2004)); see also Estelle v. McGuire, 112 S. Ct. 475, 480 (1991) ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); Bradshaw v. Richey, 126 S. Ct. 602, 604 (2005) (per curiam) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."). To the extent that Utter's

---

[30]Findings and Conclusions, Docket Entry No. 14-1, p. 114.

arguments implicate state law, his claims are not cognizable on federal review.

   2.   The Claims Are Without Merit

Utter contends that his sentence was extended improperly in violation of the Double Jeopardy Clause and the Due Process Clause because he was not given "fair notice" that his sentence was being increased from 10 years to 20 years.[31] Consistent with the state habeas corpus court's findings, records of the plea and sentencing proceedings confirm that Utter was told in open court that he would receive a 10-year sentence in Cause Number 15-05-04873 that would run consecutively to the 10-year sentence imposed in Cause Number 16-03-02813.[32] The judgment entered in Cause Number 16-03-02813 accurately reflects what Utter was told.[33] Because these records show that Utter had ample notice and an opportunity to be heard at sentencing, he does not demonstrate a violation of due process. See Mullane v. Central Hanover Bank & Trust Co., 70 S. Ct. 652, 656-57 (1950) (Due Process requires "at a minimum . . . that deprivation of life, liberty or property by adjudication be

---

[31]Petition, Docket Entry No. 1, pp. 5, 7.

[32]See Reporter's Record in Cause Numbers 15-05-04873, 16-03-02813, 16-03-02814, Plea Agreements, Docket Entry No. 14-1, p. 97; Reporter's Record in Cause Numbers 15-05-04873, 16-03-02813, 16-03-02814, Formal Pronouncement of Sentence, Docket Entry No. 14-1, pp. 107-09.

[33]Judgment of Conviction by Court - Waiver of Jury Trial in Cause Number 16-03-02813, Docket Entry No. 14-1, p. 13.

preceded by notice and opportunity for hearing appropriate to the nature of the case.").

Utter further fails to show that his sentence was unlawfully extended or that he was subjected to double punishment for the same offense in violation of the prohibition against double jeopardy. See Brown v. Ohio, 97 S. Ct. 2221, 2225 (1977) (explaining that "[w]here consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee [found in the Double Jeopardy Clause] is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense"); United States v. Olivares-Martinez, 767 F.2d 1135, 1139 (5th Cir. 1985) ("[C]onsecutive sentences do not violate the double jeopardy clause when imposed for separate criminal offenses."). As a result, Utter's challenge to the calculation of his sentences is without merit. Because Utter fails to demonstrate that the state court's adjudication was unreasonable, he is not entitled to relief. For this reason, the Petition will be denied, and this action will be dismissed.

### III.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "'a substantial showing of the denial of a constitutional right,'" 28 U.S.C. § 2253(c)(2), which requires a petitioner to

demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because the petitioner does not demonstrate that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody filed by Brian McKay Utter (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 22nd day of March, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE